The UPGRADE CORPORATION and American Pulp Corporation, Plaintiffs,

v.

ST. REGIS PAPER COMPANY and Michigan Carton Company, Defendants.

No. 75 C 2210.

United States District Court, N. D. Illinois, E. D.

Nov. 7, 1975.

Herman Feldman, Shriman & Feldman, Chicago, Ill., for plaintiffs.

Clarence J. Fleming, McDougall, Hersh & Scott, Chicago, Ill.; Bruce B. Krost and Charles R. Rust, Woodling, Krost, Granger & Rust, Cleveland, Ohio; and Clyde H. Haynes, New York City, for defendants.

## DECISION ON MOTION TO REMAND

McMILLEN, District Judge.

Plaintiffs have filed a motion to remand this case to the Circuit Court of Cook County for the second time. The complaint was originally filed there against Michigan Carton Co., was removed here, and then remanded on July 8, 1974 for lack of diversity jurisdiction, since Michigan citizens were on both sides.

After the remand, St. Regis Paper Co., a New York corporation, filed a motion to substitute itself as the party defendant for Michigan Carton Co. on the ground that Michigan Carton Co. had been merged into St. Regis on December 31, 1974. The Circuit Court of Cook County denied this motion and also denied a motion to dismiss the complaint as to Michigan Carton Co., on June 23, 1975. Nevertheless, St. Regis removed the case to this court again on July 7, 1975, on the theory that it was the sole defendant and that diversity jurisdiction now existed.

The petition to remove was not timely filed, however, within the provisions of 28 U.S.C. § 1446(b). That statute requires that a petition for removal must be filed within thirty (30) days "after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable". The motion from which the merger of Michigan Carton into St. Regis was first apparent was filed in the Circuit Court of Cook County on February 3, 1975 with respect to a merger which occurred on December 31, 1974. It was at this time, therefore, that the thirty day period for removal probably began to run.

In any event, when the Circuit Court of Cook County denied the motion to substitute on June 23, 1975, this order made it

clear that diversity did not exist and is entitled to recognition in this court. See *General Investment Co. v. Lake Shore & M.S. Railway Co.,* 260 U.S. 261, 267, 43 S.Ct. 106, 67 L.Ed. 244 (1922). Even if the petition for removal were timely, it is improper because of the continued presence of Michigan Carton Co. as a defendant. Furthermore, the status of Michigan Carton Co. as a Michigan corporation is determined by the laws of that state. Although the Michigan Business Corporation Act provides that the debts, liabilities and duties of the surviving corporation are imposed upon the latter, it also provides that any existing claim or action against the merged corporation may be prosecuted as if the merger or consolidation had not taken place. *Michigan Business Corporation Act* (1972), § 21.200 (722) Subpar. (2).

■ Since Michigan Carton Co. was the original defendant in this case and since F.R.C.P. 25(c) permits the action to be continued against the original defendant, the order of the Circuit Court of Cook County is in accord with Michigan and Federal law. The original corporation, even though merged and dissolved, is still a proper defendant. See *Hoefferle Truck Sales Inc. v. Divco-Wayne Corp.,* 523 F.2d 543, 548–549 (7th Cir. 1975).

■ Plaintiff has also moved for its costs pursuant to 28 U.S.C. § 1447(c). We find and conclude that these should be taxed against the defendant, because the removal was made after the thirty day period of § 1446(b) and because defendant flew in the face of an existing and valid decision of the Circuit Court of Cook County, after having been rebuffed once before on the same point. Therefore, before this case is remanded, plaintiff may tax its costs which, after allowance, will follow the case back to the Circuit Court of Cook County.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of the plaintiffs to remand this case to the Circuit Court of Cook County is granted, and their motion for costs is granted, both motions to be complied with within thirty (30) days hereof.