702 F.2d 189
 113 L.R.R.M. (BNA) 2051, 96 Lab.Cas. P 14,192
 Stuart L. SCHROEDER, Plaintiff-Appellant,
v.
TRANS WORLD AIRLINES, INC., a corporation; John F. Rhodes;
and Does I through X, inclusive, Defendants-Appellees.
Clinton L. DAVIS, Plaintiff-Appellant,
v.
TRANS WORLD AIRLINES, INC., a corporation; John F. Rhodes;
and Does I through X, inclusive, Defendants-Appellees.
Melvin J. DRAKE, Plaintiff-Appellant,
v.
TRANS WORLD AIRLINES, INC., a corporation; John F. Rhodes;
and Does I through X, inclusive, Defendants-Appellees.
 Nos. 80-5486 to 80-5488.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 5, 1981.
Decided March 24, 1983.
 
 David Laufer, James H. Lehr, Shapiro, Laufer, Posell & Close, Los Angeles, Cal., for plaintiff-appellant.
 James C. Roberts, Norman Wilky, Kadison, Pfaelzer, Woodard, Quinn & Rossi, Los Angeles, Cal., for defendants-appellees.
 Appeals from the United States District Court for the Central District of California.
 Before WALLACE and ANDERSON, Circuit Judges, and JAMESON, District Judge*.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 These separate appeals involve similar legal issues and accordingly were consolidated at oral argument and for disposition in a single opinion. They pertain to the application of federal question jurisdiction in the context of removed actions.
 
 I. BACKGROUND
 
 2
 The appellants were employees of defendant Trans World Airlines, Inc., (TWA) within its Student Captain Training Program. Defendant John F. Rhodes is an employee of TWA holding the position of General Manager-Flying. As a part of his duties, Rhodes supervises and conducts the line check program of the Student Captain Program in the Los Angeles area. All three appellants were removed from the program because of "unsatisfactory performance" during the final phase and permanently demoted to Flight Engineer, in compliance with the collective bargaining agreement. Appellants' Opening Briefs, page 2a--the briefs of the parties in each case are practically identical.
 
 
 3
 The employees filed actions in state court alleging unlawful business practices which were "not provided for nor authorized" by the bargaining agreement. The complaints alleged violations of California Business and Professions Code Secs. 17200, et seq. Defendants filed a Petition for Removal for each action in the District Court for the Central District of California.
 
 
 4
 Once the actions were removed, defendants answered the complaints. In Schroeder, the court issued an order to show cause why the action should not be remanded. At the hearing, defendants orally moved to dismiss. However, in both Davis and Drake, defendants filed motions to dismiss for lack of jurisdiction following the employee's motion to remand. Without opinion, the district courts entered orders dismissing the actions. In Drake, the order also denied Drake's motion to remand. Notices of Appeal were timely filed in all three actions.
 
 
 5
 On appeal, defendants argue the district court erred in dismissing their respective actions and failing to remand to the state court. Appellants challenge the action because their complaints assert violation of state law, not federal. In addition, appellants argue it was improper for the court to consider any facts alleged in the Petition for Removal.
 
 II. DISCUSSION
 A. Removal
 
 6
 We look first to the removal of these actions. The plaintiff is generally considered master of his complaint and free to decide the forum in which to bring his action. This principle is not without limitation, however. Avco Corp. v. Aero Lodge No. 735, I.A.M. & A.W., 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 383, 42 S.Ct. 349, 351, 66 L.Ed. 671, 675 (1922); Sheeran v. General Electric Co., 593 F.2d 93, 96-7 (9th Cir.), cert. denied, 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979). Our judiciary has been established with separate and independent state and federal court systems. Congress saw the importance of a federal court system and created a mechanism for a defendant to gain access to a federal tribunal though the plaintiff brings his action in state court. Title 28 United States Code Sec. 1441, the general removal statute, states:
 
 
 7
 "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
 
 
 8
 "(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."
 
 
 9
 Upon the filing of a petition for removal, the district court analyzes the complaint to determine if federal jurisdiction could be invoked, either by diversity or federal question. It is proper to use the petition for removal to clarify the action plaintiff presents and to determine if it encompasses an action within federal jurisdiction. In a case removed based upon diversity, it will frequently be necessary for the defendant to state the facts showing citizenship since it may not appear in the complaint. See generally, Fristoe v. Reynolds Metal Co., 615 F.2d 1209 (9th Cir.1980) (recharacterizes state law claim as federal), and 14 Wright, Miller & Cooper, Federal Practice and Procedure, Sec. 3721 at 530-32 (1976). (For a discussion of the competing principles, see Comment, Intimations of Federal Removal Jurisdiction in Labor Cases: The Pleading Nexus, 1981 Duke Law Journal 743-764.)
 
 
 10
 Similarly, jurisdiction based upon the presence of a federal question may not be evident from the language of the complaint. It is clear from plaintiffs' complaints here, they intended to avoid application of federal law and relied solely on state law to articulate their claims. However, viewing the complaint with the additional facts in the petition for removal, we see the nature of plaintiffs' complaints is a grievance or dispute between an employee and his employer. This dispute involves removal from the captain training program, salary and conditions of employment. Such topics are discussed in the collective bargaining agreement between TWA and the Air Line Pilots in the Service of TWA (represented by The Air Line Pilots Association, International). Artful pleading by the plaintiff will not be allowed to conceal the true nature of the complaint. See Magnuson v. Burlington Northern, Inc., 576 F.2d 1367, 1369 (9th Cir.), cert. denied, 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978); Johnson v. England, 356 F.2d 44 (9th Cir.,) cert. denied, 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966).
 
 
 11
 The Railway Labor Act is applicable to air carriers and terms of employment with them. 49 Stat. 1189, 45 U.S.C. Secs. 181, et seq. (1936). The application of this statute and the necessity of its interpretation establish the existence of a federal question as an essential element of plaintiffs' cause of action, providing the basis for removal. The district courts acted properly in granting the petitions for removal.
 
 B. Dismissal
 
 12
 Once the actions were properly removed, the court was presented with defendants' Answers, including preemption as an affirmative defense, and a Motion to Dismiss for lack of jurisdiction. The district courts, in examining these motions, looked to the language of the Railway Labor Act and concluded Congress intended to completely occupy the area. (Schroeder, Vol. 2 Clerk's Record, Order Dismissing Action page 2; Drake, Vol. 2 Clerk's Record, Order Denying Motion to Remand and Dismissing Action, page 2; Davis, Reporter's Transcript of June 2, 1980, page 4.)
 
 
 13
 The Railway Labor Act requires matters involving "minor disputes" (the interpretation of a current collective bargaining agreement) to be brought according to its grievance procedures. Andrews v. Louisville & Nashville R. Co., 406 U.S. 320, 323, 92 S.Ct. 1562, 1564, 32 L.Ed.2d 95, 99 (1972). The Supreme Court, in reviewing this action brought in state court seeking damages for "wrongful discharge" and then removed to federal court, recognized the Act in some situations "makes the federal administrative remedy exclusive, rather than merely requiring exhaustion of remedies in one forum before resorting to another." Andrews, 06 U.S. at 325, 92 S.Ct. at 1565, 32 L.Ed.2d at 100.
 
 
 14
 Section 184 of the Railway Labor Act requires air carriers to establish boards of adjustment with jurisdiction not exceeding that of Sec. 153. 45 U.S.C. Secs. 184 and 153. Acting within this authority, the parties executed a collective bargaining agreement establishing the TWA Pilots' System Board of Adjustment to decide disputes which may arise under the terms of the bargaining agreement. Collective Bargaining Agreements, Vol. 1, Clerk's Record, Petition for Removal, exhibits "K," signed July 20, 1977, and "L" signed July 25, 1979.
 
 
 15
 The basic injury here asserted is wrongful demotion; this means the complaint involves a minor dispute which must be arbitrated following the procedures of the Railway Labor Act. Andrews, 406 U.S. at 323, 92 S.Ct. at 1564, 32 L.Ed.2d at 99; Magnuson, 576 F.2d at 1368. Once the grievance has been heard by the adjustment board, exclusive jurisdiction rests with the federal court. As a result, California state law is preempted from providing a basis for relief.
 
 
 16
 Basic to the procedure of removal is the notion of derivative jurisdiction. As explained in Lambert Run, 258 U.S. at 382, 42 S.Ct. at 351, 66 L.Ed. at 675:
 
 
 17
 "If the state court lacks jurisdiction of the subject matter or of the parties, the Federal court acquires none, although it might in a like suit, originally brought there, have had jurisdiction." (citations omitted)
 
 
 18
 See also Magnuson, 576 F.2d 1367. Jurisdiction in the state court cannot be acquired even though the complaint as written demonstrates a cognizable state law claim.
 
 
 19
 Here, the California courts were without jurisdiction over the grievance between the employees and TWA and the other defendants. The district courts properly dismissed these actions when it became apparent the state court obtained no jurisdiction initially. Having acquired none, there was nothing to pass to the district courts once removed.
 
 
 20
 Notwithstanding, removal was properly taken. It is only once the actions were rightly removed, because they involved a federal question, the district courts and this court on appeal looked to the federal statute underlying the federal question and found state law was preempted. Preemption remains a defense and not appropriate as a basis for removal. Gully v. First Nat'l Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Guinasso v. Pacific First Fed. Sav. & Loan Ass'n, 656 F.2d 1364, 1366 (9th Cir.1981), cert. denied, 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982).
 
 III. CONCLUSION
 
 21
 Following the two-step analysis appropriate here, we conclude removal was properly taken based upon the existence of a federal question--the interpretation of a federal statute. Looking secondly to the merits of the actions in response to motions to dismiss or for remand, we conclude the district courts lacked subject matter jurisdiction. The recharacterization of a state claim as federal is independent from the process of finding that claim preempted. The district courts could not acquire any jurisdiction derivatively from the state courts which lacked jurisdiction, since the actions were based on state law, preempted by the Railway Labor Act.
 
 
 22
 We award costs to the appellees.
 
 
 23
 Accordingly, the judgments of the district courts are
 
 
 24
 AFFIRMED.
 
 
 
 *
 The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation