**B.B. JAMISON, Mary Jamison and Gary Jamison, Plaintiffs,**

v.

**E.J. SCHNEIDER, and Boyd Schneider, individually and d/b/a Schneider & Schneider, Defendants and Third-Party Plaintiffs,**

v.

**DAYCO CORPORATION, Third-Party Defendant.**

Civ. A. No. 82–6028.

United States District Court,
D. Kansas.

April 13, 1983.

Dale L. Pohl, Forbes & Pohl, Eureka, Kan., and Harker E. Russell, Beilman & Russell, Wichita, Kan., for plaintiffs.

Gerald M. Kraai, F. Philip Kirwan, Margolin & Kirwan, Kansas City, Mo., and Edward F. Arn, Arn, Mullins, Unruh, Kuhn & Wilson, Wichita, Kan., for third-party defendant.

Randy Troutt, Wichita, Kan., for defendants and third-party plaintiffs.

## MEMORANDUM AND ORDER OF REMAND

THEIS, District Judge.

This case presents the interesting question, apparently unsettled in this circuit, of

whether a third-party defendant can effect the removal of an entire case from a state to a federal court, when the original plaintiff and the third-party plaintiff are citizens of the same state, when no federal question is involved, and when the third-party plaintiff and the third-party defendant are embroiled in a controversy whose value allegedly exceeds $10,000. The facts are not particularly complex and will, therefore, be recited in some detail.

## I. Factual Background

This case began on October 22, 1982, when the plaintiffs, B.B., Mary, and Gary Jamison [the Jamisons], sued defendants, E.J. and Boyd Schneider [the Schneiders], in the District Court of Greenwood County, Kansas. The complaint sounded in both contract and negligence, and alleged that the Jamisons had hired the Schneiders, on January 28, 1982, to heat and treat a tank of crude oil stored in a tank battery unit known as the McGilvray Unit. In the course of rendering these services, a fire broke out that destroyed the McGilvray Unit and other property belonging to the Jamisons, all of a value in excess of $10,000, as well as the Texsteam oil heating unit and other property belonging to the Schneiders, all of a value in excess of $10,000. The Jamisons also alleged that the required shut-down of the oil lease caused additional damages. The Jamisons claimed that the Schneiders were negligent in their rendition of their services, and that the destruction of the Jamisons' property constituted a breach of contract. All of the Jamisons and all of the Schneiders are citizens of the State of Kansas.

On November 29, 1982, the Schneiders filed an "Answer, Counterclaim, and Third-Party Claim" in the Greenwood County District Court. The Schneiders denied being guilty of negligence or breach of contract, denied any liability for the Jamisons' property damage, and affirmatively alleged, by way of a counterclaim, that the Jamisons had been negligent and that such negligence had caused the fire and the resulting destruction of the Schneiders' property. Fi-

nally, the Schneiders presented a third-party claim against the Dayco Corporation [Dayco], a Michigan corporation with its principal place of business in Dayton, Ohio. The gist of this third-party complaint is that Dayco had manufactured some two-inch tank truck hose that the Schneiders had purchased and used as a discharge hose on the Texsteam oil heater that was being used on the McGilvray Unit the day of the fire. The Schneiders alleged that the hose had failed, that this failure had caused the fire, and that Dayco was liable for the Schneiders' damages on four separate theories. The Schneiders made no claim for indemnity against Dayco for any recovery the Jamisons might get against the Schneiders: instead, the Schneiders prayed for the same relief against Dayco as they had against the Jamisons, namely, for the destruction of the oil heater and other property belonging to the Schneiders.

On December 16, 1982, Dayco filed a petition for removal in this Court, alleging that the Schneiders and Dayco are of diverse citizenship, that the sum in controversy exceeds $10,000, and that the Schneiders' third-party complaint against Dayco states a cause of action separate and independent from the Jamisons' claim against the Schneiders. It is Dayco's position that, had the Schneiders' third-party complaint been sued on separately, it would have been a case or controversy over which this Court would have had original jurisdiction under 28 U.S.C. § 1332, and which would have been removable under 28 U.S.C. § 1441(a) and (b). Dayco therefore argues that it should be entitled to remove the entire case to this Court pursuant to 28 U.S.C. § 1441(c). The latter subsection reads as follows:

> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its

discretion, may remand all matters not otherwise within its original jurisdiction. 28 U.S.C. § 1441(c).

On December 28, 1982, shortly after the case was removed, Dayco filed its answer to the third-party complaint, denying liability for the Schneiders' losses, and setting forth eighteen defenses. On January 11, 1983, Dayco amended its answer in several respects. First, Dayco stated that the Schneiders had tendered a stipulation of dismissal without prejudice of the Schneiders' claim against Dayco, which Dayco had refused. Second, Dayco stated a formal counterclaim for declaratory relief, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, in the form of seventeen suggested declarations that would completely absolve Dayco of all responsibility and liability for the fire at the McGilvray Unit, as against both the Jamisons and the Schneiders.

On February 8, 1983, the Jamisons and the Schneiders jointly moved for an order remanding the case to the Greenwood County District Court and an order dismissing Dayco's counterclaim for declaratory relief. On February 14, 1983, the Jamisons moved for an order striking the Schneiders' third-party complaint, and further moved to stay all discovery or, in the alternative, for protective orders denying certain discovery and moving the location of other discovery. Finally, on February 22, 1983, Dayco filed a lengthy brief expressing its opposition to all of the pending motions other than its own. The case is currently before the Court for a resolution of those motions.

## II. Removal Basics

As a preliminary matter, it should be remembered that United States District Courts are courts of limited jurisdiction, and that "the right to remove a case from a state to a federal court is purely statutory and therefore is entirely dependent on the will of Congress," 14 Wright, Miller, and Cooper, *Federal Practice and Procedure* § 3721, at 513 (footnotes omitted). Likewise, the curious notion of derivative jurisdiction, that is, the notion that the state court from whence an action is removed must have jurisdiction over the parties and the subject matter before the federal court to whence it is removed can obtain such jurisdiction, also plays a significant role in the resolution of this controversy. *See generally Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.,* 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922).

## III. Contentions of the Parties

### A. Remand

The Jamisons and the Schneiders argue that remand is required because the removal statute, when strictly construed as it must be, provides no right of removal to *third-party* defendants. To support this argument, the Jamisons and the Schneiders cite at length the cases following one of the "three rationales" found at 1A *Moore's Federal Practice* ¶ 0.167[10] (2d Ed.1982): (a) that third-party defendants are not "defendants" for the purposes of § 1441; (b) § 1441 is limited to claims joined by the original plaintiff; and (c) third-party claims are too ancillary or insufficiently unrelated to constitute separate and independent causes of action for the purposes of § 1441(c).

Dayco, in opposition, simply takes advantage of the split of authority on this question, and cites a page and a half of cases that do not subscribe to any of Moore's rationales for disallowing removal. Dayco also re-emphasizes the diversity of citizenship between the Schneiders and itself, and directs the Court's attention to one of its own cases that denies remand but, unfortunately for Dayco, does not involve third-party practice.

### B. Dismissal of Declaratory Judgment

The Jamisons and the Schneiders argue that Dayco's counterclaim for declaratory judgment should be dismissed as a matter of discretion because it seeks a declaration of non-liability as a response to a pending action at law for damages in which Dayco's liability, if any, can be more expeditiously and economically determined. Underlying this argument, one suspects, is the assump-

tion that Dayco's counterclaim is nothing but an attempt to create a second, independent ground of federal jurisdiction for use as insurance in the event the removal of the case to this Court is deemed to be improper.

Dayco, in opposition, offers the somewhat circular argument that "this is not a case where the issues raised can be comprehensively resolved in another pending action. There is no other pending action. All issues have been raised in *this* action, and they can be comprehensively resolved herein." Such an argument, besides assuming away the question, also shows that Dayco considers the declaratory judgment action as a defense to the action for damages, rather than as a completely separate and independent proceeding.

### C. Motion to Strike Third-Party Claim

The Jamisons have also moved to strike the Schneiders' third-party complaint against Dayco on the ground that that claim is outside the scope of K.S.A. § 60–214(a), relating to third-party practice in Kansas, and was, therefore, erroneously permitted by the state court. The pertinent language is as follows:

*(a) When defendant may bring in third party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him . . . . Any party may move to strike the third-party claim . . . .

K.S.A. § 60–214(a). This language is, of course, identical to that found in Rule 14(a) of the Federal Rules of Civil Procedure. The Jamisons argue that the Schneiders' third-party complaint, which seeks from Dayco only the value of the Schneiders' property that was destroyed in the fire, does not relate Dayco as a party "who is or may be liable to [the Schneiders] for all or part of the *[Jamisons']* claim against [the Schneiders]," and that the Schneiders, therefore, had no right to bring Dayco into this case by way of their third-party complaint.

Dayco, in opposition, argues that the removal statute, which is of nationwide scope, cannot be affected by local law definitions or characterizations of the subject matter to which that removal statute applies. Dayco also argues that it *must* be a party to the suit under K.S.A. § 60–258a(c), the Kansas comparative negligence statute, and the interpretations of that statute provided by the Kansas Supreme Court. Finally, Dayco argues that no objection to the third-party complaint was raised in the state court, and that no objection should be permitted now.

### D. Discovery Motions

As the proper resolution of the pending discovery motions is utterly contingent on the disposition of the preceding three claims, a detailed recital of the parties' positions on these motions will not be set out.

### IV. Remand and Dismissal

An examination of the many cases cited by the parties on the issue of remand shows them to be hopelessly in conflict. The cerebral reader who wishes to attempt a reconciliation of them may find convenient collections of the cases in the following sources: 14 Wright, Miller and Cooper, *supra* § 3724, at 643–46; Interim Binder, *Fed. Proc., L.Ed.* § 69:68 (1981); Annot., 8 *A.L. R.Fed.* 708 (1971); 67 West's Federal Practice Digest, *Removal of Cases* § 59 (1978). This Court declines to undertake such an attempt because the interrelationship of the remand issue with the issue of striking the third-party complaint renders the attempt unnecessary. Dayco's fervent desire to defend itself in a federal, as opposed to a state, court depends on the presentation of inconsistent factual arguments that, regardless of their resolution, simply cannot support the propriety of the removal of this case.

The only possible basis for Dayco's removal of the case to this Court is 28 U.S.C. § 1441(c). That subsection requires a "separate and independent claim or cause of action," joined with non-removable claims or causes of action, to support removal of the entire case to a federal court. *See*

*generally American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Conversely, both the applicable Kansas and federal procedural rules relating to third-party practice require a certain identity of issues between the main suit and the third-party complaint, inasmuch as a properly-pleaded third-party complaint must allege that the third-party defendant is liable for all or part of the plaintiff's claim against the third-party plaintiff. It is, therefore, apparent that one of two situations must exist: either the third-party complaint is separate and independent, or it shares an identity of issues with the main complaint.

It is unnecessary, in this case, to determine into which category the third-party complaint falls. Either way, the removal of the case to this Court was improvident. If the third-party complaint is separate and independent from the main complaint, it is outside the scope of both K.S.A. § 60–214(a) and Rule 14(a) of the Federal Rules of Civil Procedure because it claims no indemnity from the third-party defendant for any amount the plaintiff may recover from the third-party plaintiff. If the third-party complaint is outside the scope of the procedural rules, the defendant had no right to bring in the third-party defendant, and the state court, therefore, never obtained jurisdiction over the third-party defendant. Because the state court had no jurisdiction, this Court's jurisdiction, which is derivative in removed cases, must also fail. All that remains is a tort and contract case between two Kansas residents that must clearly be remanded.

By the same token, if the third-party complaint is sufficiently connected to the main case to create state court jurisdiction over it, then it cannot be sufficiently "separate and independent" to justify removal under § 1441(c), and the case must be remanded for failure to comply with the statutory requirements.

It is apparent that the preceding analysis has the effect of precluding removal by all third-party defendants, at least in states in which the third-party practice statute is modeled on Rule 14 of the Federal Rules of Civil Procedure. Dayco's argument that it must be a party to this suit under K.S.A. § 60–258a(c) cannot change this result. That statute requires nothing more than Dayco's joinder as a co-defendant with the Schneiders. The case would remain non-removable in that posture, as complete diversity would be lacking under 28 U.S.C. § 1441(b) and the claim that Dayco was contributorily negligent in causing the Jamisons' loss would render that claim insufficiently separate and independent.

Likewise, Dayco's argument that no objection to the third-party complaint was raised in the state court must go for naught. This Court must be forever vigilant of its own jurisdiction, and that jurisdiction cannot be supplied by laches, waiver, or estoppel involving the parties to a lawsuit. *See generally* 13 Wright, Miller, and Cooper, *supra* § 3522, at 46–49.

The conclusion is inescapable that this case must be remanded to the state court. Under this circumstance, dismissal of Dayco's declaratory judgment action is also required. Were Dayco permitted to remain in federal court via a declaratory judgment action while a state action at law concerning the same events simultaneously proceeded, no defendant would ever need to remain in state court who did not wish to remain there.

> Making federal declaratory relief available was not intended to enable one party to obtain a change of forum from a state to a federal court, nor to permit the use of a declaratory judgment action in federal court merely as a means of asserting what otherwise would be defenses to a claim brought in state court by the defendant in the federal declaratory action.

*Travelers Indem. Co. v. Boles*, 503 F.Supp. 179, 181 (N.D.Cal.1980) (footnote omitted); *see generally Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

Finally, because a determination of whether Dayco was properly brought into this suit under the Kansas third-party practice statute was unnecessary to any decision of this Court, this Court expresses no opinion on the propriety of bringing Dayco in. Furthermore, the Jamisons' motion to strike

the third-party complaint, being likewise unnecessary to this Court's disposition of the case, is overruled as moot in order to preserve it for the state court's consideration.

## V. Conclusion

Because it appears that this case was removed improvidently and without jurisdiction within the meaning of 28 U.S.C. § 1447(c),

IT IS THEREFORE ORDERED that this case be remanded forthwith to the District Court of Greenwood County, Kansas, all costs and expenses of the removal and remand, excluding attorney's fees, to be borne by Dayco as the removing party.

IT IS FURTHER ORDERED that Dayco's purported declaratory judgment be dismissed in its entirety, costs to be borne by Dayco.

IT IS FURTHER ORDERED that the Jamisons' motion to strike the third-party complaint be overruled as moot.

IT IS FURTHER ORDERED that all pending discovery motions be overruled as moot.