**QUEEN VICTORIA CORP., a Hawaii corporation, Plaintiff,**

v.

**INSURANCE SPECIALISTS OF HAWAII, INC., a Hawaii corporation; Roanoke Int'l Insurance Agency, Inc.; Lloyd's Underwriters; John Does 1–10; and Doe Corporations 1–10, Defendants.**

**LLOYD'S UNDERWRITERS, Third-party plaintiff,**

v.

**MARISCO LTD., Third-party defendant.**

**Civ. No. 89–00031–HMF.**

United States District Court, D. Hawaii.

March 15, 1989.

Sidney Quintal, Honolulu, Hawaii, for Queen Victoria Corp.

John Lacy, Honolulu, Hawaii, for Lloyd's Underwriters.

David Proudfoot, Nenad Krek, Case & Lynch, Honolulu, Hawaii, for Marisco, Ltd.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

SAMUEL P. KING, Senior District Judge.

This action was originally filed in state court by plaintiff Queen Victoria Corp., a Hawaii corporation, on August 26, 1987. The complaint alleges that defendant Lloyd's Underwriters ("Lloyd's") breached its policy of marine insurance covering the hull and machinery of the "Queen Victoria," a 1959 89'9" yacht owned by plaintiff.

Lloyd's removed the action to federal court on October 6, 1987, on the ground that the suit "is an admiralty action wherein the matter in controversy involves a marine hull policy." On July 12, 1988, this court ordered the action remanded to state court, holding that admiralty jurisdiction did not support removal and that diversity jurisdiction did not cure the faulty removal. *Queen Victoria Corp. v. Ins. Specialists of Hawaii*, 694 F.Supp. 1480 (D.Haw.1988).

On December 30, 1988, Lloyd's filed a third-party complaint against Marisco, Ltd. ("Marisco"), a Hawaii corporation. The third-party complaint claimed that the occurrence allegedly covered by the hull in-

surance policy was caused by Marisco's negligence and that Lloyd's is subrogated to plaintiff Queen Victoria's rights against Marisco.

On January 13, 1989, Marisco filed a petition to remove the case to federal court, relying upon 28 U.S.C. § 1441(a) and (c). On February 8, 1989, plaintiff filed the motion, now before this court, to remand the case back to state court. Oral argument on this motion to remand was had on March 14, 1989.

Having carefully considered the motion, the parties' memoranda and oral argument, and the applicable cases and law, this court finds that the removal petition fails to show that the requirements of 28 U.S.C. § 1441(a) are satisfied; therefore, remand to state court is mandated.

The party seeking removal must first satisfy the requirements of 28 U.S.C. § 1441(a) which provides that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Marisco's petition for removal claims that § 1441(a)'s requirement that the federal court have original jurisdiction over the third-party claim is satisfied by 28 U.S.C. § 1332(a) which gives original jurisdiction over actions between a citizen of a State and a citizen of a foreign country where the matter in controversy exceeds $10,000, exclusive of costs and interest.

The petition claims that Marisco is a Hawaii corporation and Lloyd's is a corporation "duly organized and existing under and by virtue of the laws of the United Kingdom of Great Britain and Northern Ireland with its principal place of business in the United Kingdom." (Petition for Removal, p. 3, paragraph 6.) The petition also claims that the matter in controversy exceeds $50,000.

However, Lloyd's is not a foreign corporation, but an unincorporated group of underwriters. In Lloyd's answer to plaintiff's original complaint, Lloyd's "affirmatively alleged that Lloyd's is an unincorporated group of underwriters authorized to write surplus line business in the State of Hawaii and whose principal place of business is London, England." (Answer, Fifteenth Defense to Count 1; paragraph 16, p. 4.) In oral argument before this court, counsel for Lloyd's confirmed that Lloyd's Underwriters is not a foreign corporation, but is an unincorporated group of underwriters.

Since Lloyd's is an unincorporated group of underwriters, its citizenship is determined by the citizenship of all of its members. 13B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3630 (2d ed. 1984). Since no information regarding the citizenship of Lloyd's members is presented in the petition for removal, diversity jurisdiction is not shown. *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93–94 (4th Cir.1983) [Law firm, an unincorporated association, was not a person for purposes of diversity jurisdiction; therefore, proof of diversity jurisdiction was lacking where nothing in record demonstrated citizenship of each and all partners in the firm.]

The requirements of 28 U.S.C. § 1332(a) and consequently 28 U.S.C. § 1441(a) are not satisfied. The federal court thus lacks original jurisdiction over the third-party claim. Remand of the entire case is therefore mandated.

Even if the petition did show the citizenship of each of the members of Lloyd's underwriters and the complete diversity requirement of *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), were satisfied, remand would nonetheless be necessary because the requirements of 28 U.S.C. § 1441(c) are not satisfied.

This court declines to address the issue of whether a third-party defendant is a party who may effect removal under § 1441(c) except to note that the majority view is that third-parties may not effect removal under 28 U.S.C. § 1441(c). 1A J.

Moore, B. Ringle & J. Wicker, Moore's Federal Practice 0.163[4.–6] (1987); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3724 (1976). *See also Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988) [This court "strictly construes the removal statute against removal jurisdiction."] *But see Carl Heck Engineers v. Lafourche Paris Police*, 622 F.2d 133 (5th Cir.1980); *Marsh Inv. Corp. v. Langford*, 494 F.Supp. 344, 348 (E.D.La.1980).

■ Even assuming that the third-party defendant in this case were able to effect removal under § 1441(c), remand would be nonetheless necessary since application of § 1441(c) requires that the claim be "separate and independent" from the other claims to which it is joined. Section 1441(c) provides in pertinent part that

[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The leading case interpreting § 1441(c) is *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The Supreme Court found that removal had been improper, holding that

where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

*Id.* at 14, 71 S.Ct. at 540.

Lloyd's third-party complaint against Marisco alleges that the damage was caused by Marisco's "negligence, breach of warranty, breach of contract and/or fault." The complaint also alleges that Lloyd's is entitled to recover any judgment awarded to Queen Victoria against Lloyd's via contribution and/or indemnity and/or because of subrogation and/or equitable subrogation.

There is no question that both the third-party action and the original action arise out of the same occurrence. Marisco's argument that the two actions are separate is based upon *Boggs v. Lewis*, 863 F.2d 662 (9th Cir.1988), in which the Ninth Circuit held that removal had been proper on the ground that the nonremovable claim against the tortfeasor for negligence and the removable claim against insurer were "separate and independent." *Id.* at 664. However, the Ninth Circuit based its holding upon the fact that "Montana law ... treated a negligence claim against a driver and a bad faith claim against that driver's insurer as independent." *Id.* at 665. *Boggs* is thus distinguishable from the case at bar.

In Hawaii, third-party defendants are brought in pursuant to Rule 14 of the Hawaii Rules of Court Civil Procedure which mirrors the analogous federal rule of civil procedure. Both require that the third-party defendant be one "who is or may be liable to [the third-party plaintiff] for all or part of the plaintiff's claim against him." Haw.R.Ct. 14(a); Fed.R.Civ.P. 14(a).

This requirement for bringing in the third party results in

a certain identity of issues between the main suit and the third-party complaint, inasmuch as a properly-pleaded [sic] third-party complaint must allege that the third-party defendant is liable for all or part of the plaintiff's claim against the third-party plaintiff. It is, therefore, apparent that one of two situations must exist: either the third-party complaint is separate and independent, or it shares an identity of issues with the main complaint.

*Jamison v. Schneider*, 561 F.Supp. 1087, 1091 (D.Kan.1983). In *Jamison*, the court concluded that either there was this identity of issues between the third-party action and the main action, so § 1441(c)'s requirement was not met; or the third-party claim was separate and independent, so the rule governing third-party complaints was not satisfied. In either case, removal was improper.

The *Jamison*'s court's reasoning is applicable here since the pertinent section of the Kansas state rule analyzed in *Jamison*, like our Hawaii rule, is identical to Fed.R. Civ.P. 14(a). *See also, Mignogna v. Sair Aviation, Inc.*, 679 F.Supp. 184, 190–91 (N.D.N.Y.1988) [Court concluded that while third-party defendants may utilize § 1441(c), § 1441(c)'s requirement that the claim be "separate and independent" is not fulfilled when "the injury for which relief is sought is the same and 'the underlying occurrences giving rise to the actions against the various defendants was an integrated transaction.'" (citations omitted)].

Thus, even if third-parties were found able to effect removal under § 1441(c), the very nature of their third-party relationship to the main claim runs counter to § 1441(c)'s requirement that the claims be "separate and independent." Remand is therefore mandated.

Accordingly, plaintiff's motion for remand is GRANTED.

SO ORDERED.