Thomas F. SCHMIDT and Lorinna J. Schmidt, Plaintiffs,

v.

ASSOCIATION OF APARTMENT OWNERS OF MARCO POLO CONDOMINIUM, et al., Defendants.

James KOSHI, Cross–Claimant,

v.

ASSOCIATION OF APARTMENT OWNERS OF MARCO POLO CONDOMINIUM, et al., Cross–Defendants.

Daniel DONAHOE, Cross–Claimant,

v.

ASSOCIATION OF APARTMENT OWNERS OF MARCO POLO CONDOMINIUM, et al., Cross–Defendants.

NEWHALL REALTY, Defendant/Third–Party Plaintiff,

v.

Daniel DONAHOE, Loren Divers, Thomas McDonald, John Does 1–10, Jane Does 1–10, Doe Partnerships 1–10, Doe Corporations 1–10, Doe Entities 1–10, and Doe Governmental Units 1–10, Third–Party Defendants.

The ASSOCIATION OF APARTMENT OWNERS OF MARCO POLO CONDOMINIUM, Defendant/Fourth–Party Plaintiff,

v.

Paul JACOBI, Fourth–Party Defendant.

Paul JACOBI, individually, and Harry Dixon, Frank Henry, and Paul Jacobi, derivatively, on behalf of the Association of Apartment Owners of Marco Polo Condominium, Counter–Claimant and Fifth–Party Plaintiffs,

v.

The ASSOCIATION OF APARTMENT OWNERS OF MARCO POLO CONDOMINIUM, the Board of Directors of the Association of Apartment Owners of Marco Polo Condominium, Jeffrey Pugh, Betty Ellis, Brigitte Bieheller,

Ernestine Tabrah, Leo Downer, Kenneth Mead, William Igoe, Larry Newhall, James Bay, the Law Firm of Dinman, Nakamura, Elisha & Nakatani, a law corporation, Fifth–Party Defendants.

Civ. No. 90–00715 DAE.

United States District Court, D. Hawaii.

Jan. 25, 1991.

Martin Wolff, John Rapp, Anthony Kim, Honolulu, Hawaii, for Thomas F. Schmidt and Lorinna G. Schmidt.

Charles R. Kozak, Honolulu, Hawaii, for Paul Jacobi, Harry Dixon and Frank Henry.

Emmet White, Carol Lee M. Ida, Honolulu, Hawaii, for Newhall Realty.

G. Stephen Elisha, Arlette S. Harada, Honolulu, Hawaii, for Ass'n of Apartment Owners of Marco Polo Condominium, Boards of Directors of Marco Polo Condominium from 1980 to 1988, Directors Brigitte Bieheller, Leo Downer, Charles Gertner, Robert Hutchison, William Igoe, Harold Iseke, Eugene Kindig, Lila Leduc, Clarence Lee, Frank McHale, William Melohn, Larry Newhall, Gloria Norton, John O'Farrell, Jeffrey Pugh, Ernestine Tabrah, Joanne Taylor and Jackie Widney, in their capacities as directors and James Bay and James Drinnon as employees.

Harold Chu, Russell H. Ando, Honolulu, Hawaii, for Jeffrey Pugh, Betty Ellis, Brigitte Bieheller, Ernestine Tabrah, Leo Downer, Kenneth Mead, Eugene Kindig, Jackie Widney, William Melohn, Joanne Taylor and Larry Newhall.

John A. Roney, Honolulu, Hawaii, for Daniel Donahoe and James Koshi.

Loren Divers, pro se.

## ORDER GRANTING DEFENDANTS' MOTION FOR REMAND

KAY, Chief Judge.

### FACTS

This is a procedurally and factually complicated case involving a dispute between condominium owners, the condominium association, the board of directors, and others associated with the property. Plaintiffs Thomas and Lorinna Schmidt filed a Complaint in U.S. District Court for the District of Hawaii in 1988. That case was assigned to Judge Ezra. When it became apparent that the federal case would be dismissed for lack of diversity, the Schmidts, on January 3, 1989, filed their case in state court. Judge Ezra subsequently dismissed the federal action.

A fourth-party complaint in the state action was served on fourth-party defendant Paul Jacobi, alleging, *inter alia*, violations of 18 U.S.C. § 1961(3) (Rico) and 18 U.S.C. § 1962(b) (racketeering). On October 9, 1990, Jacobi filed a removal petition in the First Circuit Court of the State of Hawaii, based on his status as a fourth-party defendant and also filed a fifth-party complaint in the action. The removed action is now before this Court.

Numerous defendants move this Court to remand the case to state court and for an award of fees, costs, and sanctions. Fourth-party defendant Paul Jacobi moves this Court to disqualify the law firm of Dinman, Nakamura, Elisha & Nakatani

from representing anyone besides themselves in this case.

## DISCUSSION

### A. The Removal Petition Was Based on Diversity Jurisdiction

Title 28 U.S.C. § 1441 allows removal to federal district court in certain circumstances when the district court has original jurisdiction of the matter. The district court analyzes the complaint to determine if federal jurisdiction could be invoked, either by diversity or federal question. *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir.1983). It is proper to use the petition for removal to clarify the action and to determine if the action is within federal jurisdiction. 702 F.2d at 191. Jacobi's removal petition is based on the fourth-party complaint. The petition alleges that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, that the amount in controversy is greater than $50,000, and that the case is therefore removable under § 1441(a) and (b). However, § 1332 is the diversity jurisdiction statute, and the $50,000 amount in controversy requirement only applies to diversity jurisdiction. Unfortunately for Jacobi, diversity is lacking, both in the main case filed by the Schmidt's and in the fourth-party complaint.

Jacobi does not now contest the lack of diversity. Instead, he claims that the petition for removal incorrectly stated the diversity statute as the basis for the petition. He claims that he meant to cite 28 U.S.C. § 1331, not § 1332. Section 1331 is the federal question jurisdictional statute, and Jacobi points out that he cited the correct jurisdictional basis in his fifth-party complaint which he filed. Count IV of the fourth party complaint alleges violations of federal statutes. It seems clear that the error was more than a mere typographical error, however, because there would be no need for Jacobi to mention the $50,000 amount in controversy requirement if he was intending to base his removal on federal question jurisdiction.

The removal petition must set forth "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Jacobi's petition fails to provide a valid statement for the grounds of removal. Removal petitions may be amended freely within the thirty-day period set forth in 28 U.S.C. § 1446(b). *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270 (7th Cir.1982). Jacobi did not move to amend his petition within the thirty-day period and has not since moved to amend his removal petition.

After the thirty-day period has elapsed, the Ninth Circuit rule is that the "removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made. *Barrow Dev. Co. v. Fulton Insur. Co.*, 418 F.2d 316, 317 (1969). That rule has been applied to allow clarifications of diversity jurisdiction after the thirty-day period. *Id.* at 318. In this case, Jacobi is attempting to set forth an entirely new basis for jurisdiction, namely federal question jurisdiction, in place of the defective diversity jurisdiction that was set forth in the original removal petition. That could certainly be argued to be an attempt to add an allegation of substance.

This Court, however, must look to both the fourth-party complaint that is the basis for the removal petition, as well as the petition itself, in order to determine the sufficiency of the removal procedure. *See Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir.1983); *National Audubon Soc. v. Dept. of Water & Power of Los Angeles*, 496 F.Supp. 499, 503 (1980). The fourth-party complaint, in Count IV, contains federal causes of action which would give rise to federal question jurisdiction. Further, it appears obvious to all parties that diversity was lacking in this action. Thus, there is a strong argument that allowing an amendment to the petition would merely allow a clarification of defective jurisdiction allegations.

Finally, two competing policies are involved. First, the policy that the removal statutes are to be strictly construed against removal militates for not allowing the petition to be removed. *Boggs v. Lew-*

*is,* 863 F.2d 662, 663 (9th Cir.1988). On the other hand, the policy of construing pleadings, including removal petitions, so as to do substantial justice militates in favor of allowing an amendment to correct an oversight. *See White v. Wellington,* 627 F.2d 582, 587 (2d Cir.1980).

The thirty-day period for amending the removal petition has lapsed. The petition, as it now stands, is insufficient. However, even if this Court were to grant Jacobi leave to amend his removal petition in order to state the correct ground for federal jurisdiction, the removal must fail because this Court finds that fourth-party defendant Jacobi may not remove this action to federal court.

### B. Third–Party Complaints and Removal Jurisdiction

■ Even if this Court looks beyond the face of his incorrect removal petition, determines that the petition is truly meant to be based on federal question jurisdiction, and allows the removal petition to be amended, the removal must still fail.

The removal in this case is based on the fourth-party complaint in which Jacobi is named as a fourth-party defendant. The question of whether removal of state actions to federal court may be based on third or fourth-party complaints has not been definitively answered. Section § 1441(a) provides that only defendants may remove cases. The courts are split on whether "defendants" in this context means only defendants joined in the original complaint. The majority view is that the determination of who is a defendant is determined by the original complaint, not subsequent third or fourth-party complaints. A leading treatise states:

> We believe that the reference in the general removal statute, § 1441, is only [sic] to *plaintiff's* defendants and does not include such defendants as third-party defendants, cross-claim defendants, and other parties that are not defending a claim asserted against them by the plaintiff.... If the plaintiff and the plaintiff's defendants must, or have chosen to, adjudicate their suit in a state forum, we

fail to find any statutory right clearly given to other type defendants, by the general removal § 1441, to choose a federal forum....

1A *Moore's Federal Practice* ¶¶ 0.157[7], (1989). *Accord Share v. Sears, Roebuck & Co.,* 550 F.Supp. 1107 (E.D.Penn.1982). *See also* C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure,* § 3731 (1985). Most of the courts that have addressed the issue have been district courts, and a majority of them have decided that § 1441(c) does not allow defendants other than defendants named in the original complaint to remove cases, even if a third or fourth-party defendant is attempting to remove a claim that is "separate and independent" from the original cause of action as defined by § 1441(c). *See e.g., Friddle v. Hardee's Food Systems, Inc.,* 534 F.Supp. 148 (W.D.Ark.1981); *Luebbe v. Presbyterian Hospital,* 526 F.Supp. 1162 (S.D.N.Y.1981).

In a case that, like the instant one, the third-party removal was based on the assertion of a federal question in the third-party complaint, the Seventh Circuit Court of Appeals stated that, in the broad run of cases third-party defendants may not remove cases under § 1441(c). *Thomas v. Shelton,* 740 F.2d 478, 487 (7th Cir.1984). Judge Posner, writing for the court in *Thomas,* expressed doubt about whether § 1441(c) should be a basis for removal in federal question—as opposed to diversity—situations. 740 F.2d at 482–84. However, rather than setting forth a blanket rule against third-party removal, the court decided that no removal was warranted in that case. *Id.* at 487.

The only other court of appeals to consider the issue has held that third-party defendants may remove actions, but only if the removal is based on a cause of action in the third-party complaint that is "separate and independent" from the other claims in the case pursuant to § 1441(c). *See Carl Heck Engineers v. Lafourche Paris Police,* 622 F.2d 133 (5th Cir.1980). A substantial minority of district courts have also allowed removal of separate and independent claims against third and fourth-party defendants. *See e.g., Marsh Inv. Corp. v. Langford,* 494 F.Supp. 344, 348 (E.D.La.

1980). One rationale for not allowing third-party removal is that third-party causes of action are usually incidental or ancillary to the main claim. *See, e.g., Hyde v. Carder,* 310 F.Supp. 1340 (W.D.Ky.1970). This problem can be overcome, however, by allowing removal only when the third-party claim is a separate and independent cause of action, pursuant to § 1441(c). The courts that have allowed third-party removal have so limited the removal power of third-party defendants. *See, e.g., Carl Heck Engineers, supra,* 622 F.2d at 135.

There is, however, a second, stronger reason for not allowing third-party removal. Allowing such removal nullifies the original plaintiff's choice of forum, even if the original plaintiff carefully structured his lawsuit to ensure that it could not be removed. As one court put it, to allow a third-party defendant to remove is akin to permitting the "tail to wag the dog." *Luebbe v. Presbyterian Hosp.,* 526 F.Supp. 1162, 1164 (S.D.N.Y.1981). On the other hand, the third-party defendant's interest in choice of forum is sacrificed by not allowing removal. *See Motor Vehicle Cas. Co. v. Russian River County Sanitation Dist.,* 538 F.Supp. 488, 492–93 (D.C.Cal. 1981).[1]

As discussed above, the minority of courts that have allowed third-party removal have done so only when removal is based upon a separate and independent cause of action. Most of that minority of courts attempt to further balance the policies underlying this issue by remanding the main action and retaining only the separate, removed action. *See Carl Heck Engineers, supra,* 622 F.2d at 136. This preserves the original plaintiff's forum choice while not compromising the third-party defendant's interests. The drawback to this approach, of course, is that it defeats much of the judicial economy that is sought by allowing the removal of entire cases under § 1441(c). Splitting the case would require two lawsuits and an increased number of preliminary procedural steps to select the forum. *See* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 3724 at p. 395 (1985).

Judge King of this district recently declined to squarely decide the issue. *See Queen Victoria Corp. v. Ins. Specialists of Hawaii,* 711 F.Supp. 553 (D.Haw.1989). Judge King noted that the majority view was that no third-party removal was allowed in any circumstances. 711 F.Supp. at 554–55. Further, Judge King cited the Ninth Circuit Court of Appeals general rule which requires that courts strictly construe the removal statute against removal jurisdiction. *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir.1988). Rather than directly decide whether third-party defendants may remove actions, Judge King found that the attempted removal was not based on a separate and independent cause of action and, as a result, the removal would be improper even if third-party removal were generally allowed. 711 F.Supp. at 556.

Fourth-party defendant Jacobi urges this Court to adopt the minority position and allow removal of his claim. Jacobi argues that the federal claims in the fourth-party complaint are separate and independent from those in the main case. Further, Jacobi argues that allowing removal in this case will not prejudice the main plaintiffs in this case, the Schmidts, because the Schmidts testified at the hearing on this motion that they are amenable to the case being removed to federal court.

This Court, however, is not inclined to follow the minority position. First, by allowing third-party removal, the original plaintiff's choice of forum is subjugated to the third-party defendant's choice of forum. There is no indication that Congress intended such a result when it drafted the removal statutes. The only way to respect the plaintiff's choice of forum and also allow third-party removal is to allow removal only of separate and independent third-party claims, and remanding all other claims to the state court. That "solution" defeats the judicial economy which the re-

---

1. Another possible reason for permitting removal is to protect citizens of foreign states from possible prejudice in state court. *See Ford Motor Credit Co. v. Aaron–Lincoln Mercury,* 563 F.Supp. 1108 (1983). However, that rationale is only applicable to diversity situations, not to situations like this one in which removal jurisdiction is predicated upon a federal question and there are no foreign parties.

moval statutes seek to promote by allowing removal of an entire case.

This case is a good example of how allowing removal of the third-party action would defeat judicial economy. Jacobi argues that the claim is separate and independent for purposes of removal under § 1441(c), but also urges this Court to keep the entire case—not just the fourth-party federal claims—because the fourth-party claims are also substantially intertwined with the main case.[2] However, the minority of courts that allow third-party removal almost invariably premise their decision on remanding all but the separate and independent claims to state court in order to respect the original plaintiffs' choice of forum. Further, even in a case such as this one where the original plaintiffs are amenable to the fourth-party removal, allowing such removal would cause judicial inefficiencies. The main case has been proceeding in state court for over a year. There have been dispositive motions in state court. Removal of the federal claims now would result in two courts expending resources on the case, even though by Jacobi's own admission the federal claims are intertwined and related to the claims in the state action.

This Court finds the majority position of not allowing removal by third-party defendants to be the better approach. There appears to be no reason why third-party defendants should be able to defeat a plaintiff's choice of forum if the original defendants cannot do so. Even if that problem could be resolved in some cases by removing the third-party claims and remanding the rest of the case, such an approach nullifies the judicial economy that the removal statute seeks to promote. Those concerns, coupled with the Ninth Circuit rule construing the removal statute strictly against removal, militate in favor of remanding this case to state court.

### C. Award of Costs, Fees, and Sanctions

Title 28 U.S.C. § 1447(c) provides in part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The defendants bringing this motion move this court for such an order.

The award of such costs and expenses is discretionary. The movants argue that such an award should be issued in this case because the removal was based on diversity, even though it was obvious that there was a lack of diversity in light of the case being dismissed for lack of diversity earlier by Judge Ezra. *See Ralphs Grocery Co., Div. of Federated Dept. Stores, Inc. v. Meat Cutters Union*, 379 F.Supp. 281 (C.D.Cal.1973); *Upgrade Corp. v. St. Regis Paper Co.*, 417 F.Supp. 21 (N.D.Ill. 1975). Second, movants argue that, even if the removal petition's reliance on diversity jurisdiction was an inadvertent mistake, an award of costs and expense should be made because the procedural requirements of § 1446 have not been met—namely, there is no plain statement of the grounds for removal and all of the defendants have not joined in the removal. *See* 28 U.S.C. § 1446.

It cannot be said with any degree of certainty that Jacobi's reliance on diversity as a basis for jurisdiction was more than an oversight on his part. Because it appears that the reliance was inadvertent, this Court denies the motion for costs, fees, and sanctions. The minority position regarding third-party removal is a plausible legal and factual basis for asserting removal jurisdiction in the case based on federal questions. Further, if the minority position were adopted, only the fourth-party defendants in this case would need to join in the removal because the action would have to be shown to be "separate and independent." *See Lemke v. St. Margaret Hosp.*, 552 F.Supp. 833, 840–41 (N.D.Ill.1982). Jacobi is the sole fourth-party defendant, so he did not violate the procedures of § 1446 by failing to join other defendants.

---

**2.** Jacobi obviously is walking a fine line with this argument. While it may be possible for a claim to be "separate and independent" while also being substantially intertwined with the main case, Jacobi has neglected to set forth a coherent or detailed argument as to why that is the case in this instance.

### D. The Motion to Disqualify Law Firm

Because removal was ineffective in this case, this Court has no jurisdiction to address Jacobi's motion to disqualify the Dinman law firm.

### CONCLUSION

The motion to remand is granted. The removal petition relied upon diversity jurisdiction when no such jurisdiction existed in this case. Even if this Court were to look beyond the face of the removal petition and allow the removal petition to be amended to assert federal question jurisdiction as the basis for removal, the fourth-party defendants may not remove actions to federal court.

This Court finds that the reliance on diversity jurisdiction for removal was inadvertent, and that there was a reasonable basis in fact and law to assert removal based on the federal questions in the fourth-party complaint. Accordingly, this Court denies the motion for fees, costs, and sanctions.

IT IS SO ORDERED.