Margarita **SELKRIDGE**, Plaintiff,

v.

**UNITED OF OMAHA LIFE INSURANCE COMPANY,**
Defendant.

No. CIV. 01–143.

District Court, Virgin Islands,
D. St. Thomas.

Feb. 21, 2002.

Lee J. Rohn, St. Croix, VI, for the plaintiff.

James L. Hymes, III, St. Thomas, VI, for the defendant.

## MEMORANDUM

MOORE, District Judge.

United of Omaha Insurance ["United of Omaha" or "defendant"] has moved for summary judgment. Magarita Selkridge ["Selkridge" or "plaintiff"] opposes defendant's motion. For the reasons stated below, this Court will grant defendant's motion.

## I. FACTS

Selkridge worked on St. Thomas at the Atlantic Tele–Network Company ["Atlantic"] and the Virgin Islands Telephone Company ["Vitelco"] as a staff accountant since 1969. During Selkridge's employ-

ment, United of Omaha issued a group long-term disability policy to Atlantic and Vitelco. Selkridge qualified for this plan on or about July 20, 1987. Due to a herniated disc and diabetes, Selkridge has been unable to work from on or about July 18, 1996. In December 1996 or January 1997, Selkridge submitted a long-term disability claim for benefits because of her condition. Defendant denied this claim on April 1, 1997 on the ground that no evidence of a long-term disability existed. Selkridge timely appealed this decision and on March 17, 1998, defendant upheld its previous denial of benefits.

On or about October 21, 1999, Selkridge filed a six-count complaint in the St. Croix Division of the District Court seeking compensatory and punitive damages for defendant's denial of her claim.[1] Selkridge alleges claims under Virgin Islands law for breach of contract (Count I), bad faith (Count II), misrepresentation (Count III), intentional infliction of emotional distress (Count IV), negligent infliction of emotional distress (Count V), and punitive damages (Count VI). United of Omaha seeks summary judgment in its favor on the ground that these common law claims are preempted by section 514(a) of the Employee's Retirement Income Security Act of 1974 ["ERISA"]. *See* 29 U.S.C. § 1144(a). This Court has jurisdiction pursuant to section 22(a) of the Revised Organic Act of 1954[2] and 28 U.S.C. § 1332.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment shall be granted if "the pleadings, depositions, answers to in-

---

**1.** The original file number for this matter was Civil No.1999–173. Upon its transfer to this Court on August 17, 2001, it was renumbered as 2001–143.

**2.** 48 U.S.C. § 1612(a). The complete Revised Organic Act of 1954 is found at 48 U.S.C.

§§ 1541–1645 (1995 & Supp.2001), *reprinted in* V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. CODE ANN. tit. 1).

terrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue respecting any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Sharpe v. West Indian Co.*, 118 F.Supp.2d 646, 648 (D.Vi.2000). The nonmoving party may not rest on mere allegations or denials, but must establish by specific facts that there is a genuine issue for trial from which a reasonable juror could find for the non-movant. *See Saldana v. Kmart Corp.*, 42 V.I. 358, 360–61, 84 F.Supp.2d 629, 631–32 (D.Vi.1999), *aff'd in part and rev'd in part*, 260 F.3d 228 (3d Cir.2001). Only evidence admissible at trial shall be considered and the Court must draw all reasonable inferences therefrom in favor of the nonmovant. *See id.*

## B. ERISA Preempts Plaintiff's Territorial Claims

ERISA is a comprehensive piece of legislation created by Congress to regulate employer-sponsored employee welfare benefit plans that provide medical, surgical, or hospital care or benefits in the event of sickness, accident, disability or death. *See* 29 U.S.C. § 1002(1). The threshold question is whether the United of Omaha plan in question qualifies as a plan covered by ERISA. *See Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118, 1119 (9th Cir.1998) ("The existence of an ERISA plan is a question of fact, to be answered in the light of all the surrounding circumstances from the point of view of a reasonable person."). ERISA defines an employee welfare benefit plan as

> any plan, fund, or program which was ... or is ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death ... or (B) any benefit described in § 302 of the Labor Management Relations Act, 1947 (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1). The evidence provided is uncontroverted that plaintiff's plan is covered by ERISA. (Ex. B, Group Insurance Plan (detailing the medical, surgical and hospital care benefits available to the plan's participants).)

The next question is whether this lawsuit is expressly preempted by ERISA.[3] Express preemption provides "a federal defense to a state-law claim." *In re U.S. Healthcare*, 193 F.3d 151, 160 (3d Cir. 1999).[4] Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...." 29 U.S.C. § 1144(a). Any state-law claims that fall within the purview of express preemption are displaced and subject to dismissal. *See Metropolitan Life Ins. Co. v. Massachusetts*, 471

---

**3.** There are two types of ERISA preemption—complete preemption and express (or ordinary) preemption. Only the latter is considered here since the plaintiff brought her suit directly to federal court through its diversity jurisdiction. Complete preemption arises only in the context of removal of a case from state or territorial court to federal court. *See In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir.1999) ("Complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint.").

**4.** *See also Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 277 (3d Cir.2001) ("[U]nlike the scope of § 502(a)(1)(B), which is jurisdictional and creates a basis for removal to federal court, § 514(a) ... governs the law that will apply to state law claims, regardless of whether the case is brought in state or federal court.").

U.S. 724, 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Section 514(a) also preempts any common-law claims brought by a plaintiff. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (preempting plaintiff's common-law claims of tortious breach of contract, breach of fiduciary duties and fraud in the inducement).

To determine whether plaintiff's state/territorial-law claims come within the scope of section 514(a), I must decide whether her claims relate to an employee benefit plan. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (noting that a plan relates "if it has a connection with or reference to such a plan"). Generally, claims concerning the "quantity" of care (i.e. the extent and type of benefits) relate to an employee benefit plan and thus are preempted, whereas claims regarding the "quality" of care (i.e. medical treatment decisions) do not relate to the plan and would not be preempted.[5]

■ All of plaintiff's causes of action in her complaint clearly relate only to the extent and type of benefits provided by United of Omaha. Nowhere in her complaint or in her opposition to defendant's motion for summary judgment does Selkridge challenge the quality of the care or question the medical treatment decisions of defendant. Plaintiff only alleges that she was wrongfully denied benefits, which are exactly the types of claims Congress preempted through ERISA. *See Pilot Life*, 481 U.S. at 45–46, 107 S.Ct. 1549 (reviewing ERISA's legislative history).

■ Selkridge attempts to fend off dismissal of her claims by arguing that her employee benefit plan falls within ERISA's safe harbor exception. Under this exception, a plan is exempt from ERISA regulations if (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer received no profit from the plan. *See* 29 C.F.R. § 2510.3–1(j). A plan must meet all four of these requirements to be exempt. *See McNeil v. Time Ins. Co.*, 205 F.3d 179, 190 (5th Cir.2000), *cert. denied*, 531 U.S. 1191, 121 S.Ct. 1189, 149 L.Ed.2d 106 (2001).

The evidence is again clear that plaintiff's employee benefit plan does not fall within the safe harbor exception. Defendant has provided evidence that Atlantic and Vitelco contributed 100% of the premiums for their employee benefit plan. (Suing Aff. ¶ 2.) Plaintiff attempts to muddy the waters by claiming that she paid the premiums once she stopped working because of her disability and the company plan converted to a personal one. (First Am. Compl. ¶ 21; Pl.'s Opp. to Mot. for Summ. J. at 14.) There is no evidence before me that the terms of the plan orig-

5. *See Pryzbowski*, 245 F.3d at 277 (stating that "the basic objective of the express preemption provision was 'to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans.' ") (quoting *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 657, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); *id.* at 278) (noting that a claim relates to a benefit plan if the requested benefit falls within the scope of the provider's administrative responsibilities); *Glaziers v. Glassworkers Union Local No. 252*

*Annuity Fund v. Newbridge Sec., Inc.*, 93 F.3d 1171, 1185 (3d Cir.1996) ("A state rule of law may be preempted ... if its effect is to dictate or restrict the choices of ERISA plans with regard to their benefits, structure, reporting and administration, or if allowing states to have such rules would impair the ability of a plan to function simultaneously in a number of states.") (quoting *United Wire, Metal & Machine Health & Welfare Fund v. Morristown Memorial Hosp.*, 995 F.2d 1179, 1193 (3d Cir.1993)).

inally paid for by Atlantic and Vitelco were modified in any substantial way when plaintiff assumed responsibility for the premiums. It thus would defeat the Congressional intent for uniformity in treatment of employer-provided employee benefit plans for this Court to assume jurisdiction over state and common-law challenges to the extent and types of benefits of a company benefit plan just because plaintiff converted it to a private plan. *See McNeil,* 205 F.3d at 190–91 (considering a plan covering two employees, where one employee paid his own premiums and the company paid the other premium, as the same plan). The composition and the purpose of the company plan as converted are the same—to provide medical care and benefits to Selkridge. *See id.* Since I find that there is only one plan to which plaintiff's employer contributed, the plan is not excepted from preemption by the safe harbor provisions.

■ Even if plaintiff could have established that Atlantic and Vitelco did not contribute to the benefit plan, she would still not succeed in proving that the safe harbor exception applies because these companies specifically endorsed the defendant's benefit plan. The First Circuit Court of Appeals has observed that

> [a]n employer will be said to have endorsed a program within the purview of the . . . safe harbor regulation if, in light of all the surrounding facts and circumstances, an objectively reasonable employee would conclude on the basis of the employer's actions that the employer had not merely facilitated the program's availability but had exercised control over it or made it appear to be part and parcel of the company's own benefit package.

*Johnson v. Watts Regulator Co.,* 63 F.3d 1129, 1135 (1st Cir.1995); *see also Schneider v. UNUM Life Ins. Co. of Am.,* 149 F.Supp.2d 169, 177 (E.D.Pa.2001)

(quoting *Johnson,* 63 F.3d at 1135). The Court of Appeals went on to list several factors, which I now adopt as the test in this jurisdiction, to aid in determining whether an employer endorsed a particular employee benefit plan. Among these factors were whether the benefit plan and any supporting documentation suggest that the employer "had any control over, or proprietary interest in" the plan; whether the employer had any "hand in drafting the plan, working out its structural components, determining eligibility for coverage, interpreting policy language, investigating, allowing and disallowing claims, handling litigation, or negotiating settlements;" whether the benefit plan mentioned ERISA; and whether the employer had a full-time employee benefits administrator to accept and submit claims to the insurer. *See Johnson,* 63 F.3d at 1136–37; *see also Thompson v. American Home Assurance Co.,* 95 F.3d 429, 436–37 (6th Cir.1996) (adopting the *Johnson* approach); *Schneider,* 149 F.Supp.2d at 178–79 (same).

A review of the employee benefit plan provided to Selkridge reveals that both Atlantic and Vitelco fully endorsed it. First, the plan itself is entitled "Group Insurance Plan for Atlantic Tele–Network Co. and Virgin Islands Telephone Co." Second, the plan specifically details an employee's ERISA rights. Finally, the plan states that both Atlantic and Vitelco act as the plan's administrators, charged with submitting claims to the defendant on behalf of employees and acting as agents for service of legal process. Clearly these uncontroverted facts establish that both Atlantic and Vitelco endorsed their employee benefit plan by making "it appear to be part and parcel of the company's own benefit package." *See Johnson,* 63 F.3d at 1135. Accordingly, plaintiff's argument

also fails the third prong of the safe harbor exception provision.[6]

### III.  CONCLUSION

United of Omaha's group long-term disability policy issued to Atlantic and Vitelco, for which plaintiff qualified while employed there, is an ERISA plan that is not excepted from express preemption by ERISA' safe harbor provision.  Accordingly, section 514(a) preempts Selkridges' complaint asserting territorial and common-law claims.  United of Omaha's motion for summary judgment will be granted.

---

**6.** As plaintiff fails to establish that the first and third prongs of the safe harbor exception apply and in light of the fact that neither party adequately argued the applicability of the second and fourth prongs, I need not discuss these other prongs.  *See McNeil v.* *Time Ins. Co.,* 205 F.3d 179, 190 (5th Cir. 2000) (stating that a plan must satisfy all four requirements of the safe harbor exception to be exempt from ERISA), *cert. denied,* 531 U.S. 1191, 121 S.Ct. 1189, 149 L.Ed.2d 106 (2001).