Judith A. NESTER, Plaintiff,

v.

**BANK ONE CORPORATION, a.k.a. Banc One, a bank holding company and John B. McCoy, Former Chairman of Bank One's Board of Directors and Bank One's Chief Executive Officer, Defendants.**

No. 2:01–CV–0521.

United States District Court,
D. Utah,
Central Division.

April 4, 2002.

Phillip W Dyer, Jeff Carlyle Herring, Law Offices of Phillip W Dyer, Salt Lake City, UT, for Judith A. Nester, plaintiff.

W. Mark Gavre, Sydney F. Cook, Parsons Behle & Latimer, Salt Lake City, UT, for Bank One, John B. McCoy, defendants.

## MEMORANDUM DECISION

SAM, Senior District Judge.

This matter is before the court on motion of defendants Bank One and John B. McCoy to dismiss all claims with prejudice. Defendant John B. McCoy has also filed a motion to dismiss the claims filed against him for lack of personal jurisdiction. The motions have been fully briefed and none of the parties has requested oral argument. Pursuant to DUCivR 7–1(f), the motions will be determined by the court on the basis of the written memoranda of the parties.

It is first necessary to address a procedural matter that was not covered in the parties' briefs on the motion under Fed. R.Civ.P. 12(b)(6). That Rule provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In opposing the motion to dismiss all claims with prejudice, plaintiff has referred to and filed with the court the Affidavit of Judith A. Nester. The affidavit references and attaches a credit card application which was sent to plaintiff's deceased husband. It is also of interest to the court that the parties' briefs address "disputed" and "undisputed" facts in a manner consistent with pleading requirements for a motion for summary judgment under Rule 56, but neither party suggests conversion of the motion to dismiss.

Courts have broad discretion in determining whether or not to accept materials beyond the pleadings in connection with a motion to dismiss. *See Lowe v. Town of Fairland, Oklahoma,* 143 F.3d 1378, 1381 (10th Cir.1998), citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* Section 1366 (1990). "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is

referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997) (citations omitted). In our case, the documents in question, the affidavit and the credit card application, were submitted by plaintiff, not defendant. As such, the plaintiff is obviously on notice of their contents and the general rationale for conversion to summary judgment dissipates. *See GFF*, 130 F.3d at 1385.

Accordingly, the court finds conversion unnecessary in the instant case. The court will not consider matters outside the pleadings in connection with the motion under Rule 12(b)(6) and therefore need not convert the motion to one under Rule 56. It is unquestionably inappropriate to consider plaintiff's affidavit in connection with the 12(b)(6) motion to dismiss since the sufficiency of the complaint is the only issue before the court.

Turning to the motion to dismiss all claims, "a 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 1384. "All well-pleaded factual allegations in the complaint are accepted as true, [citation omitted], and viewed in the light most favorable to the nonmoving party, [citation omitted]." *Id.*

Accepting plaintiff's well-pleaded factual allegations, as distinguished from legal conclusions, the court finds she has alleged several instances of mailings being sent to her deceased husband. All specific references were to mailings and communications regarding defendant Bank One's pension benefits, although plaintiff also referenced other unspecified mailings. Plaintiff also alleges defendants failed to respond to her telephone and written requests to stop mailing correspondence to her deceased husband.[1] Plaintiff finally alleges she suffered severe emotional distress as a result of defendants' actions already described.

■ Defendants first argue that ERISA preempts any and all of plaintiff's claims since they clearly "relate to" or "grow out of" defendant Bank One's administration of its pension and benefit plans. ERISA law is well developed and clearly holds, as cited by defendants, where the parties are "principal ERISA entities," as in the case before this court, common-law claims such as intentional infliction of emotional distress and negligence or negligent infliction of emotional distress are preempted whenever they seek to "provide remedies for misconduct growing out of the administration of the ERISA plan." *Airparts Co. v. Custom Benefit Services of Austin*, 28 F.3d 1062, 1064–65 (10th Cir.1994), cited in Defs. Reply at 3. The court finds any and all claims asserted by plaintiff involving correspondence received or sent which relates to her claim on her husband's pension benefits are preempted by ERISA. This includes the correspondence referenced in paragraphs a—f in defendants' memorandum in support of motion to dismiss all claims at p. 3. Plaintiff's own communications belie any attempt to characterize the correspondence at the heart of the parties' dispute as only "tangentially" involved with the administration of the plan. Rather, the court is persuaded that failure to find preemption would result in the very type of intrusion sought to be avoided by the broad pre-emptive statutory scheme.

---

1. It is important to note that plaintiff's written requests were sent to an address in Phoenix, Arizona, which is not defendant's correct address.

In addition, the court finds an alternative, but equally compelling basis for granting the motion to dismiss. Even accepting all of plaintiff's factual allegations as true, including that at least one mailing was unrelated to defendant Bank One's pension plan, plaintiff has not carried her pleading burden of alleging facts which, if true, would entitle her to relief for the torts of intentional infliction of emotional distress and negligence or negligent infliction of emotional distress. The elements of a claim for intentional infliction of emotional distress include "(1) outrageous conduct by the defendant; (2) the defendant's intent to cause, or the reckless disregard of the probability of causing; (3) severe emotional distress; and (4) an actual and proximate link between the tortious act and the emotional distress". *White v. Blackburn*, 787 P.2d 1315, 1317 (Utah Ct. App.1990).

The Utah Supreme Court has provided guidance for interpreting element one.

> The conduct must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair. Furthermore, an act is not necessarily outrageous merely because it is tortuous, injurious, or malicious, or because it would give rise to punitive damages, or because it is illegal.

*Franco v. The Church of Jesus Christ of Latter-day Saints*, 21 P.3d 198, 207 (Utah 2001). Even considering every communication that passed between plaintiff and defendants, including defendants' failure to respond to plaintiff's letters, defendants' conduct does not, under any scenario, rise to the level of outrageous or intolerable conduct. Inadvertent, careless mailings, even if defendants were put on notice that they were upsetting to plaintiff, do not

"offend generally accepted standards of decency and morality." *See Russell v. Thomson Newspapers, Inc.*, 842 P.2d 896, 905 (Utah 1992). Rather, however insensitive defendants' actions may have been, they were in the realm that reasonable men and women must be expected to endure. Plaintiff cited no law in support of her claims that defendants' conduct should be viewed in any other way.[2]

Second, there was absolutely no allegation, nor facts from which the court could infer the conduct, that defendants, or either of them, "acted for the *purpose* of inflicting emotional distress." *Franco*, 21 P.3d at 206 (emphasis in original). So despite the alleged effect of the communications between plaintiff and defendants, plaintiff's claim must fail because "[i]t is not enough to establish a claim that defendant intentionally acted in a way that *causes* distress." *Id.* at 207 (emphasis in original). Defendant Bank One's communications were form letters and applications. And there is no allegation nor facts from which the court could infer that defendant McCoy even received the plaintiff's letters and requests to cease the mailings. In short, the complaint did not plead facts showing either defendant took any action toward her for the purpose of inflicting emotional distress, nor can the court conceive of any construction of the facts or events which transpired which could establish this element. Hence, as in *Franco*, Rule 12(b)(6) dismissal of the plaintiff's claim for intentional infliction of emotional distress is appropriate.

Third, "[t]he law intervenes only when the distress inflicted is so severe that no reasonable man [or woman] could be expected to endure it." Restatement (Sec-

---

2. The court notes that no communications passed between plaintiff and defendant McCoy, nor are there allegations of any affirmative conduct by McCoy. Hence, plaintiff's complaint wholly fails to allege "outrageous or intolerable conduct" by McCoy, or any actionable conduct by McCoy for that matter.

**1348**

ond) of Torts Section 46, Comment j (1965), cited in Defendants' Reply Brief at 10. Plaintiff makes only conclusory allegations in the complaint to the effect that "[she] suffered severe emotional distress each and every time she received mail from defendants addressed to her deceased husband." Complaint at para. 28. Without more, plaintiff's allegations fail to meet this element as a matter of law.

Accordingly, because the plaintiff failed to plead facts to support three of the four required elements of a claim for intentional infliction of emotional distress, plaintiff's claim must be dismissed.

 Regarding plaintiff's claim for negligence or negligent infliction of emotional distress, the court finds no established duty of care as alleged by plaintiff, and consequently there can be no breach. Furthermore, the complaint contains no allegation of bodily harm. For the reasons more fully stated by defendants and essentially unrefuted by plaintiff (if the court discounts the circular, conclusory response contained in plaintiff's opposition at 14–15) plaintiff's second claim for relief is dismissed.

As argued by defendants, plaintiff failed to allege any conduct which states a claim against defendant McCoy individually. In fact, plaintiff failed to allege any conduct by McCoy whatsoever. His status as the Chairman and CEO of defendant Bank One is insufficient to establish personal liability for the actions of Bank One, even if plaintiff had stated a cause of action against the corporation.

Finally, the court addresses defendants' request to dismiss all claims with prejudice. Dismissal without leave to amend or refile is a harsh result. The court notes plaintiff never requested leave to amend her complaint, nor argued the relief requested by defendants was unusual or too harsh. Of more significance, the court is persuaded that the plaintiff could prove no

set of facts in support of the claims made in the complaint which would entitle her to relief and that any opportunity to amend would be futile. *See Hall v. Bellmon,* 935 F.2d 1106, 1109–1110 (10th Cir.1991).

Accordingly, the motion to dismiss all claims with prejudice is granted. The court's ruling on the motion to dismiss renders defendant McCoy's motion to dismiss for lack of personal jurisdiction moot. The court notes, nevertheless, that, for the reasons heretofore discussed in this decision, there is no basis for exercising personal jurisdiction over defendant McCoy. The court directs the clerk to enter final judgment consistent with this opinion.

SO ORDERED.