Margarita SELKRIDGE, Plaintiff,

v.

UNITED OF OMAHA LIFE
INSURANCE COMPANY,
Defendant.

Nos. CIV. 2001–143, CIV. 2002–73.

District Court, Virgin Islands,
D. St. Thomas and St. John.

Dec. 20, 2002.

Lee J. Rohn, St. Croix, VI, Terry Halpern, St. Thomas, VI, for the plaintiff.

Charles E. Engeman, St. Thomas, VI, for the defendant.

**MEMORANDUM**

MOORE, District Judge.

On February 21, 2002, I granted defendant United of Omaha Insurance's ["Unit-ed of Omaha" or "defendant"] motion for summary judgment on the ground that plaintiff Magarita Selkridge's ["Selkridge" or "plaintiff"] common law claims were expressly preempted by section 514(a) of the Employee's Retirement Income Security Act of 1974 ["ERISA"]. Plaintiff now moves this Court to amend its February 21st order. Specifically, Selkridge seeks to have me declare that her claims were dismissed without prejudice because they were only "completely preempted" by ERISA, thereby converting her common law claims to federal claims and allowing her to refile these same claims in another action, already filed in this Court, namely *Selkridge v. United of Omaha Life Insurance Company,* Civ. No.2002–73 (D.V.I. Apr. 29, 2002). (*See* Plt.'s Rule 60(b) Mot. to Amend J.) I will deny plaintiff's request as she gravely misunderstands both preemption under ERISA and the essence of my February 21st order. I will, however, amend that order to confirm that it was with prejudice and a decision on the merits. I will also dismiss plaintiff's related complaint in Civil No.2002–73 as barred by res judicata and claim preclusion.

**I. PROCEDURAL BACKGROUND**

After United of Omaha had denied her claim for long-term disability benefits, Selkridge filed a six-count complaint in this Court on October 21, 1999, seeking compensatory and punitive damages.[1] Selkridge alleged claims under Virgin Islands law for breach of contract (Count I), bad faith (Count II), misrepresentation (Count III), intentional infliction of emotional distress (Count IV), negligent infliction of emotional distress (Count V), and punitive

---

1. Selkridge originally filed this suit the St. Croix Division. It was transferred to the proper division on August 17, 2001.

damages (Count VI). On December 10, 1999, United of Omaha filed an amended answer containing the affirmative defense that plaintiff's territorial common law claims were preempted by ERISA. (Am. Answer, Dec. 10, 1999, at ¶ 41.) On December 21, 1999, plaintiff was allowed to amend her complaint to change the name of the defendant.[2] On February 21, 2002, I granted United of Omaha's motion for summary judgment. *See Selkridge v. United of Omaha Life Insurance Company*, 221 F.Supp.2d 579 (D.Vi.2002). Selkridge did not appeal this decision, but instead chose some two months later to file another action in this Court against United of Omaha for alleged ERISA violations based on the same events recited in this original lawsuit (*See* Compl., *Selkridge v. United of Omaha Life Ins. Co.*, Civ. No.2002–73, Apr. 29, 2002.) On October 31, 2002, more than eight months after my February 21st order in this case and more than six months after she filed her separate lawsuit against defendant, Selkridge moved to reconsider my grant of summary judgment in favor of defendant by "clarifying" that my decision to dismiss her claims as preempted was without prejudice and "implicitly" permitted her to file the second action. United of Omaha opposed plaintiff's Rule 60(b) motion to reconsider and also moved for summary judgment in the other lawsuit on the ground of res judicata.

## II. DISCUSSION

### A. Plaintiff's Claims Were Expressly Preempted

▪ The crux of Selkridge's motion to reconsider my February 21st order is that I erred in failing to convert her common law claims to federal claims when I "held" that her complaint was completely preempted by ERISA. (Plt.'s Rule 60(b) Mot. to Amend J. at 1–2.) This contention, however, is tantamount to arguing that I committed a legal error. It is well-established that "a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion." *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988). I could, therefore, simply deny plaintiff's motion summarily on that basis. As plaintiff has misapprehended the decision I rendered back in February, however, it seems advisable that I attempt to correct those misconceptions.

▪ I did not, as plaintiff asserts in her Rule 60(b) motion, find that her common law claims were completely preempted by ERISA. (*See id.* at 2.) Instead, I found that her claims were *expressly* preempted by ERISA.[3] I am well aware that common law claims can be converted to federal ERISA claims. Such conversion, however, only occurs for jurisdictional purposes. As clearly stated in my February 21st order, "[c]omplete preemption arises only in the context of removal of a case from state or territorial court to federal court." *See Selkridge*, 221 F.Supp.2d at 582 n. 3 (citing *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir.1999) ("Complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint.")). Since Selkridge had filed her common law claims directly in this Court, complete preemption was

---

2. Plaintiff had originally named Mutual of Omaha Insurance Company as defendant.

3. The passage of my February 21st order that plaintiff excerpts in her Rule 60(b) motion in itself reveals that I addressed express preemp-

tion, not complete preemption. (*See* Plt.'s Rule 60(b) Mot. to Amend J. at 1 ("Omaha's group long-term disability policy ... is an ERISA plan that is not excepted from *express preemption* by ERISA's safe harbor provision.") (emphasis added).)

completely irrelevant to the issues before me and had absolutely no bearing on my decision. *See Selkridge*, 221 F.Supp.2d at 582 n. 3 ("Only [express preemption] is considered here since the plaintiff brought her suit directly to federal court through its diversity jurisdiction."). Accordingly, all of the cases plaintiff relies on in her Rule 60(b) motion to argue that this Court must convert her common law claims to federal claims are totally inapposite because the plaintiffs in each of those cases had initially filed common law claims in state court.

■ Moreover, Selkridge apparently fails to grasp the essence of preemption in ERISA-related claims. Regardless of whether a court initially addresses the issue of complete preemption, it must also examine whether the plaintiff's claims are expressly preempted. *See Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 277 (3d Cir.2001) ("[U]nlike the scope of § 502(a)(1)(B) [complete preemption], which is jurisdictional and creates a basis for removal to federal court, § 514(a) [express preemption] ... governs the law that will apply to state law claims, regardless of whether the case is brought in state or federal court."); *see also Stewart v. United States Bancorp*, 297 F.3d 953, 958–59 (9th Cir.2002) ("The recharacterization of a state claim as federal is independent from the process of finding that claim [federally] preempted.") (citing *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 192 (9th Cir.1983)).

Since I do not think I can say it any clearer, I reiterate what I stated in my original memorandum opinion. I first found that plaintiff's United of Omaha group insurance plan was covered by ERISA. I next addressed whether this lawsuit was expressly preempted by ERISA, noting that

[e]xpress preemption provides "a federal defense to a state-law claim." Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...." 29 U.S.C. § 1144(a). Any state-law claims that fall within the purview of express preemption are displaced and subject to dismissal. Section 514(a) also preempts any common-law claims brought by a plaintiff. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (preempting plaintiff's common-law claims of tortious breach of contract, breach of fiduciary duties and fraud in the inducement).

To determine whether plaintiff's state/territorial-law claims come within the scope of section 514(a), I must decide whether her claims relate to an employee benefit plan. Generally, claims concerning the "quantity" of care (i.e. the extent and type of benefits) relate to an employee benefit plan and thus are preempted, whereas claims regarding the "quality" of care (i.e. medical treatment decisions) do not relate to the plan and would not be preempted.

All of plaintiff's causes of action in her complaint clearly relate only to the extent and type of benefits provided by United of Omaha. Nowhere in her complaint or in her opposition to defendant's motion for summary judgment does Selkridge challenge the quality of the care or question the medical treatment decisions of defendant. Plaintiff only alleges that she was wrongfully denied benefits, which are exactly the types of claims Congress preempted through ERISA.

*Selkridge*, 221 F.Supp.2d at 581–82 (internal footnotes and most citations omitted). Since I clearly found that all of plaintiff's claims related only to the *quantity* of her care rather than the *quality* of such care, I

ruled that her common law claims were expressly preempted and displaced by ERISA and granted defendant's motion for summary judgment. *See id.* at 582. Nothing in plaintiff's Rule 60(b) motion provides any basis for me to amend my prior ruling. Therefore, I will deny plaintiff's motion to reconsider my previous order and leave to refile her complaint.

This result may seem harsh, but it is what the law requires. Plaintiff was on notice that her common law claims might be expressly preempted by ERISA as early as December 10, 1999, when United of Omaha filed its answer to her complaint. Rather than seek leave to amend her pleadings, Selkridge instead sat on her rights until two months after my February 21st order when she filed a separate ERISA action. Plaintiff then waited another six months before asking that I clarify/modify my decision so she could file the new complaint she had already filed. Unfortunately for plaintiff, the law simply does not permit a court to remedy these failings. *See Tolle v. Carroll Touch, Inc.,* 977 F.2d 1129, 1137 (7th Cir.1992) (denying plaintiff leave to amend her complaint after district court held her claims to be expressly preempted because she was on notice of possible ERISA preemption prior to adjudication); *Nester v. Bank One Corp.,* 224 F.Supp.2d 1344, 1348 (D.Utah 2002) (dismissing with prejudice plaintiff's common law claims and noting that plaintiff never requested leave to amend his complaint upon notice of ERISA preemption).

**B. Plaintiff's New Complaint Is Barred By Res Judicata**

██ United of Omaha moves for summary judgment in Civil No.2002–73 on the ground that plaintiff's claims are barred by the doctrine of res judicata. Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Sharpe v. West Indian Co.,* 118 F.Supp.2d 646, 648 (D.Vi.2000). The nonmoving party may not rest on mere allegations or denials, but must establish by specific facts that there is a genuine issue for trial from which a reasonable juror could find for the nonmovant. *See Saldana v. Kmart Corp.,* 42 V.I. 358, 360–61, 84 F.Supp.2d 629, 631–32 (D.Vi.1999), *aff'd in part and rev'd in part,* 260 F.3d 228 (3d Cir.2001). Only evidence admissible at trial shall be considered and the Court must draw all reasonable inferences therefrom in favor of the nonmovant. *See id.*

██ Res judicata is "the legal principle that a final judgment, rendered upon the merits, without fraud or collusion, by a court which had jurisdiction over the parties and the subject matter, is conclusive in a subsequent action between the parties or their privies based upon the same cause of action." *Julien v. Committee of Bar Examiners,* 923 F.Supp. 707, 716 (D.Vi.1996). For res judicata to apply, defendant must show that "(1) the earlier judgment [was] final and on the merits; (2) the claims asserted by the plaintiff are the same as those asserted in the earlier action; and, (3) the parties are the same as, or in privity with, the parties from the earlier action." *See id.; see also Huck ex rel. Sea Air Shuttle Corp. v. Dawson,* 106 F.3d 45, 48 (3d Cir.1997) (following *Julien* ). Similarly, claim preclusion, a species of res judicata, "precludes the parties or their privies from relitigating claims that were or could have been raised in that action." *See Government of the Virgin Islands v. Lansdale,* 172 F.Supp.2d 636, 652 (D.Vi. 2001). Thus, claims that are based on the same underlying transaction regardless of

the alleged legal theory put forth in support of such claims will also be barred from relitigation. *See id.* at 653 n. 17. Selkridge does not dispute that the parties are identical and her claims are similar to those in the first action. Plaintiff, however, does dispute that my February 21st order was final and on the merits.

Using the same reasoning as in her Rule 60(b) motion, Selkridge argues that my decision to "completely preempt" her common law claims and grant defendant summary judgment implicitly allowed her to file another complaint. Basically, Selkridge contends that my decision to preempt her claims was not an adjudication on the merits and my failure to specify that her claims were dismissed with prejudice necessarily granted her leave to refile. In support of her argument, plaintiff relies on the Supreme Court's finding that not "all judgments denominated 'on the merits' are entitled to claim-preclusive effect." *See Semtek International Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 501, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). Unfortunately for plaintiff, *Semtek* has no relevance here, for it dealt with the federalism "question of whether the claim-preclusive effect of a federal judgment dismissing a diversity action on statute of limitations grounds is determined by the law of the state in which the federal court sits." *Id.* at 499, 121 S.Ct. 1021. There is no issue of federalism before me since Selkridge filed both of her complaints in this Court.

Likewise, the fact that I failed to specify that her original complaint was dismissed with prejudice does not imply that the dismissal was without prejudice, thereby enabling Selkridge to file a separate action. Plaintiff need look no further than Rule 41(b) of the Federal Rules of Civil Procedure to determine the preclusive effect of my previous decision. Rule 41(b) provides that "unless the court in its order for dismissal otherwise specifies, a dismissal ... other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." In granting United of Omaha's motion for summary judgment because plaintiff's claims were preempted by ERISA, my February 21st dismissal did not fall within any of the three exceptions stated in Rule 41(b). Therefore, the dismissal was with prejudice and bars Selkridge from relitigating these same claims. See *Stewart v. United States Bancorp,* 297 F.3d 953 (9th Cir.2002) (rejecting appellant's identical argument). Reclothing her dismissed claims as ERISA violations does not change the outcome. *See Lansdale,* 172 F.Supp.2d at 653 n. 17 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 25 (1971) (claim preclusion applies even when new grounds or theories or evidence is presented or new remedies or forms of relief are sought)). Moreover, Selkridge clearly could have brought her ERISA claims in her original suit had she sought leave from this Court to amend her complaint. *See* Discussion II.A. *supra* at 604; *see also Julien,* 923 F.Supp. at 717 ("[I]t is well established that res judicata precludes a party both from relitigating matters that have been litigated and decided and from litigating matters that have never been litigated, yet should have been advanced in an earlier suit.").

Therefore, as I find that my February 21st order was an adjudication on the merits and that the subsequent dismissal was with prejudice, I conclude that plaintiff's separate ERISA complaint is barred by res judicata and I will grant defendant's motion for summary judgment in Civil No.2002–73.